MATTER OF PEREZ

In Visa Petition Proceedings

A-21445108

*Decided by Board May 30, 1979*

(1) In order for an adoption to be recognized for immigration purposes, it must conform to the applicable law of the jurisdiction where it occurred as well as to the statutory requirements of section 101(b)(1)(E) of the Immigration and Nationality Act, 8 U.S.C. 1101(b)(1)(E).

(2) Under Article 367 of the Civil Code and Article 886 of the Code of Civil Procedure of Chihuahua, Mexico, adoptions by persons with descendants are not prohibited. In addition, the Chihuahua Civil Code does not contain any provision forbidding the adoption of a blood niece.

(3) The petitioner met her burden of proving that the beneficiary was her adopted child where the adoption conformed with the law of the place where it occurred (Chihuahua, Mexico) and where the evidence indicated that the beneficiary, a blood niece of the petitioner, (1) was unmarried, (2) was adopted at the age of 12, (3) was in the legal custody of her adoptive parents since the 1975 adoption, and (4) had resided with her adoptive parents since the adoption.

ON BEHALF OF PETITIONER: Ruben Bonilla, Jr., Esquire
P. O. Drawer 5427
Corpus Christi, Texas 78405

BY: Milhollan, Chairman; Maniatis, Appleman, Maguire, and Farb, Board Members

The lawful permanent resident petitioner applied for preference status for the beneficiary as her unmarried daughter under section 203(a)(2) of the Immigration and Nationality Act, 8 U.S.C. 1153(a)(2). The District Director denied the original petition on July 25, 1977. The petitioner appealed and we remanded. On remand, the District Director, in a decision dated March 16, 1979, approved the petition and certified the case to us for review on March 21, 1979. We affirm.

The petitioner, 55 years old, was born in Zacatecas, Mexico, and was admitted to the United States as a lawful permanent resident on March 18, 1954. The beneficiary, 15 years of age, was born on May 30, 1963, in Chihuahua, Mexico. She has been living with the petitioner and the petitioner's husband in Corpus Christi, Texas, since the age of two and was formally adopted by them on July 18, 1975, in Chihuahua, Mexico, at the age of 12. The beneficiary is the blood niece of her adoptive parents.

The District Director predicated his original decision on Article 390 of the Civil Code of Mexico which prohibited the adoption of a minor child by persons with descendants. He concluded that since the petitioner and her husband already had a son, the adoption of the beneficiary was invalid and the petitioner could not, therefore, confer immigration benefits on the beneficiary. We remanded the record, requesting that the District Director consider the validity of the adoption under the law of Chihuahua, Mexico, and produce material showing that the petitioner had a son as contended in his decision. Although the record contained a birth registration card and marriage certificate of the alleged son, neither of these documents, nor other evidence in the record, in any way tied that individual with the petitioner.

On remand, the petition was approved based on a report entitled "Adoption—Chihuahua, Mexico" prepared by the Hispanic Law Division of the Library of Congress on February 8, 1978.[1] The report states that taken together, Article 367 of the Civil Code and Article 886 of the Code of Civil Procedure of Chihuahua, Mexico do not prohibit adoptions by persons with descendants. In addition, the Civil Code does not contain any provision forbidding the adoption of a blood niece.

In order for an adoption to be recognized for immigration purposes, it must conform to the applicable law of the jurisdiction where it occurred as well as to the statutory requirements of section 101(b)(1)(E) of the Act, 8 U.S.C. 1101(b)(1)(E). *Matter of Lee*, Interim Decision 2649 (BIA 1978); see *Matter of Garcia*, Interim Decision 2630 (BIA 1978); *Matter of Dhillon*, Interim Decision 2620 (BIA 1977). Section 101(b)(1)(E) of the Act provides, in pertinent part, that:

> The term "child" means an unmarried person under twenty-one years of age who is—
>
> . . .
>
> a child adopted while under the age of fourteen years if the child has thereafter been in the legal custody of, and has resided with, the adopting parent or parents for at least two years. . . .

It appears from the record that the beneficiary is unmarried. Her birth record certifies that she was born on May 30, 1963. The court decree of adoption issued on July 18, 1975, indicates that she was adopted at the age of 12. In addition, it shows that the beneficiary has resided with the petitioner since the age of two. School certificates contained in the record show that she attended Corpus Christi schools from 1969 to 1977, which indicates that she has been in the legal custody of the petitioner since the 1975 adoption. Therefore, the age, two-year residency, and legal custody requirements of section 101(b)(1)(E) have been satisfied.

In light of the report prepared by the Library of Congress, under

[1] That report is included as an addendum.

the law of Chihuahua it would be irrelevant in the present case if the petitioner had a son. We note that the record does not indicate that the petitioner does, in fact, have a son. In addition, the adoption decree states that the adoption occurred in accordance with Article 367 of the Civil Code and Article 886 of the Code of Civil Procedure of Chihuahua, which are the specific articles relied upon by the Library of Congress in determining that under the law of that state persons with descendants may adopt a minor child.

Based on the foregoing evidence, the petitioner has met her burden of proving that the beneficiary is her child under section 101(b)(1)(E) of the Act. Consequently, the beneficiary qualifies for preference status as the petitioner's unmarried daughter under section 203(a)(2) of the Act. The District Director's decision will be affirmed.

ORDER: The decision of the District Director is affirmed.

## ADDENDUM

## ADOPTION

## Chihuahua, Mexico

The following appear to be the facts of this case: A child born on May 30, 1963, was adopted on July 15, 1975, by a married Mexican couple who were residents of the United States. At the time of the adoption the adoptive parents had a child of their own, born in the United States in 1948. The adopted child was the blood niece of the adopters. Taking into consideration the fact that article 381 of the Civil Code of the State of Chihuahua appears to imply that persons with descendants could not adopt, the requester wishes to ascertain (a) whether this is a valid adoption, and (b) if this adoption is more in the nature of a guardianship, since it can be revoked by agreement of both parties.

I. *The Law on Adoption*

At the time this adoption took place, in July of 1975, the law on adoption in Chihuahua was found within the Civil Code in force in that state as of April 22, 1974.[1] Adoption proceedings were regulated by the provisions of the Code of Civil Procedure of this state of April 22, 1974.[2] Although the provisions of article 381 of the Civil Code appear to imply that persons with descendants could not adopt, this is not the case in Chihuahua. An examination of articles 367 of the Civil Code and 886 of

---

[1] *Código Civil para el E. L. y S. de Chihuahua* [Editorial Cajica, Peubla, 1975].

[2] *Código de Procedimientos Civiles para el E. L. y S. de Chihuahua* [Editoral Cajica, Puebla, 1976].

the Code of Civil Procedure would lead to the opposite conclusion. They provide as follows:

*Art. 367.* Persons of legal age in the full exercise of their rights may adopt a minor or an incompetent even if the latter is of legal age, provided that the adopter is no less than 10 years older than the person to be adopted and that the adoption is beneficial to the latter.

*Art. 886.* A person who intends to adopt must prove [the following in court]:

I. That he or she is of legal age and at least 10 years older than the minor he or she intends to adopt, or, in the case of an incompetent, only that the adopter is of legal age.

II. That he or she has sufficient means to provide for the support and education of the minor or the care and support of the incompetent, as if it were a child of his or her own, in accordance with the personal circumstances of the would-be adopter.

III. That the adoption is beneficial to the person to be adopted.

The initial petition shall contain the name and age of the minor or incompetent and the name and domicile of those persons who exercise parental authority or guardianship over the latter or the names of the persons or institutions in charge of his or her custody.

Those Mexican states that forbid adoption by persons who have children of their own have a specific, not an implied, provision to this effect, such as those of article 390 of the Civil Code and article 935 of the Code of Civil Procedure of the State of Nuevo Leon.[3]

In addition, the Civil Code of Chihuahua presently in force does not contain any provision forbidding the adoption of a blood niece.

## II. *Revocation of Adoption*

Concerning revocation of adoption, the Civil Code of Chihuahua provides as follows:

*Art. 382.* Adoption may be revoked:

I. When both parties agree to it, provided that the adopted is of legal age. If he or she is not of legal age, it is necessary that the person who granted consent to the adoption, as provided in article 374 (of this Code), grant consent [to the revocation of the adoption].

. . .

*Art. 384.* In the case of article 382–I of the Civil Code, the judge shall decree the revocation of adoption if he is convinced that the petition of the revocation is spontaneous and he finds that said revocation is suitable for the material and moral interests of the adopted.

*Art. 385.* The decree of revocation of adoption annuls the adoption and restores the matters to the status they had prior to the adoption.

An examination of the above provisions reveals that, as stated in the letter of inquiry, an adoption may be revoked by agreement of the parties; but it should be noted that said agreement is qualified by two requirements: (1) if the adopted person is not of legal age, consent to the

---

[3] *Código Civil para el E. L. y S. de Nuevo Leon* [Editorial Cajica, Puebla, 1976]; *Código de Procedimientos Civiles para el E. L. y S. de Nuevo Leon* [Editorial Cajica, Mexico City, 1973].

revocation of the adoption must be given by the person who gave consent to the adoption, and (2) in spite of the consent of the parties to the revocation, it is up to the court to issue a decree of revocation only if it is convinced that the petition is spontaneous and it finds that it is in the material and moral interests of the adopted. The court, not the parties to the adoption, has the final word on revocations of adoptions.

## III. *Adoption and Guardianship*

Under the laws of Chihuahua, as stated in its Civil Code, the law on adoption possesses certain characteristics also found in the law of guardianship (*tutela*), such as the fact that both the adopted person and the person under guardianship are subject to the parental authority of the adopter and guardian, respectively (arts. 372 and 426). On the other hand, guardianship is considered to be an obligation in the public interest and no one may be excused from performing it unless legal grounds exist (art. 429); the person who refuses to perform guardian duties without legal justification is responsible for damages and harm that may occur to the minor or incompetent (art. 430), while adoption is a voluntary act of the adopter (art. 367), not a mandatory obligation. Other substantial differences between these two institutions are that adoption does not terminate with the coming of legal age of the adopted person, while guardianship terminates when the ward reaches legal age or ceases to be incompetent (arts. 442, 621, and 622); that the adoption creates family bonds between the adopter and the adopted (art. 379) which do not exist between a guardian and his or her ward; and finally, that those rights concerning inheritance are found in adoption and not in guardianship.

## IV. *Conclusions*

In concluding, the following may be stated under the laws of Chihuahua: (a) a final adoption decree of a child that is the blood niece of the adopters, that was duly registered in the office of the Civil Registry, constitutes a valid adoption in that state; (b) although an adoption may be revoked by the mutual consent of the parties involved, said consent is subject to the approval of the court; and (c) although adoption shares some of the legal characteristics of guardianship, there are substantial differences between these two institutions that distinctly separate them.

Prepared by Armando E. Gonzalez
Assistant to the Chief
Hispanic Law Division
Law Library, Library of Congress
February 1978